UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| AETNA LIFE INSURANCE COMPANY,<br><br>          Plaintiff,<br><br>v.<br><br>NELLINA GUERRERA, CARTER MARIO INJURY LAWYERS, SEAN HAMMIL, DANIELLE WISNIOWSKI, and BIG Y FOODS, INC.,<br><br>          Defendants. | INDEX NO. 3:17-cv-00621<br><br>**COMPLAINT** |

Plaintiff, the Aetna Life Insurance Company ("Aetna"), complains and allege as follows:

**NATURE OF ACTION**

Plaintiff Aetna brings this action seeking damages and other equitable relief related to certain acts and practices carried out by Nellina Guerrera, Carter Mario Injury Lawyers, Sean Hammil, Danielle Wisniowski, and Big Y Foods, Inc. (collectively hereinafter referred to as "Defendants") which violate the terms of an employee healthcare benefit plan governed by Aetna. Further, Aetna brings this action to recover conditional payments of Medicare benefits Aetna made as a Medicare Advantage Organization under 42 U.S.C. §1395, *et seq*. Additionally, Aetna also seeks to recover for breach of contract under the laws of the state of Connecticut.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because the Complaint raises claims arising under the Constitution, laws or treaties of the United States (federal question jurisdiction), specifically 42 U.S.C. § 1395y ("Medicare") and its implementing regulations, and 42 U.S.C. § 1395y(b)(3)(A) (the Medicare Secondary Payer Act) ("MSP Act").

1

2. The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over state law claims that form a part of the same case or controversy in the Complaint.

3. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b) because the parties reside or are located in Connecticut and because a substantial part of the actions or events giving rise to this action occurred in this District

4. Plaintiff Aetna is a Medicare Advantage Organization ("MAO") engaged in the business of insurance with its principal place of business in Hartford, Connecticut.

5. Upon information and belief, Defendant Nellina Guerrera ("Guerrera") resides at 7 Hammertown Road, Monroe, CT 06484.

6. Upon information and belief, Defendant Carter Mario Injury Lawyers ("Carter Mario") is a law firm with various locations throughout Connecticut.

7. Upon information and belief, at all relevant times, Defendant Sean Hammil ("Hammil") was and is an attorney with Carter Mario in Connecticut.

8. Upon information and belief, at all relevant times, Defendant Danielle Wisniowski ("Wisniowski") was and is an attorney with Carter Mario in Connecticut.

9. Upon information and belief, Defendant Big Y Foods, Inc. ("Big Y") is a corporation with an address at P.O. Box 7840, Springfield, MA 01102.  Big Y also has a location called Big Y World Class Market located at 535 Monroe Turnpike, Monroe, CT 06468.

10. At all relevant times, Aetna issued the Aetna Medicare Plan (PPO) ("MAO Plan") in which Guerrera was enrolled.

11. At all relevant times, Guerrera was insured by the MAO Plan issued by Aetna, and received benefits under the terms of the Plan.

**GENERAL ALLEGATIONS**

12. On or about February 20, 2015, Guerrera allegedly sustained personal injuries at the Big Y World Class Market located at 535 Monroe Turnpike, Monroe, CT 06468 for which she subsequently sought and received medical care.

13. At the time of her injury, and at all relevant times thereafter, Guerrera was a Medicare-eligible individual who was enrolled in and maintained health insurance coverage through the MAO Plan administered by Aetna. The MAO Plan is a Medicare Advantage health maintenance plan under 42 U.S.C. §§ 1395w-21 through 1395w-28 and 42 U.S.C. § 1395mm.

14. Aetna is a federally qualified Private Fee For Service Plan that offers Medicare Advantage Plans under a contract with the Centers for Medicare and Medicaid Services ("CMS").

15. Pursuant to the terms of the MAO Plan, Aetna paid significant medical expenses on behalf of Guerrera as a result of this accident.

16. The sums expended by Aetna on behalf of Guerrera pursuant to the MAO Plan are specifically identifiable amounts itemized by Guerrera's healthcare providers from the date of said accident to the present date, which sum totals approximately $9,854.16 (hereinafter referred to as the "Specifically Identified Funds"). Attached as **Exhibit A** is a list of the treatments paid for by Aetna.

17. Under the terms of the MSP Act and CMS regulations, and the MAO Plan, immediately upon paying or providing any benefit to Guerrera, Aetna was subrogated to and succeeded to all rights of recovery Guerrera had against the tortfeasor under any legal theory for the amount of Aetna's conditional payments. *See* **Exhibit B**, MAO Plan provided by Aetna, at 106-108. Specifically, the MAO Plan states

> "[I]f you receive payment from any person, entity or insurer responsible for causing your injury, illness or condition or you receive payment from any person, entity or insurer listed as a primary payer above, your MA plan has the right to recover from, and be reimbursed by you for all conditional payments the plan has made or will make as a result of that injury, illness or condition."

*Id.* at 107.

18.     In the event the MAO Plan makes such payments, it shall be granted a lien which "may be enforced against any party who possesses funds or proceeds representing the amount of benefits paid by the [MAO] Plan including, but not limited to, you, your representatives or agents, any person, entity or insurer responsible for causing your injury, illness or condition or any person, entity or insurer listed as a primary payer above." *Id.*

19.     By accepting the benefits provided by Aetna, Guerrera "acknowledge[d] that the [MAO Plan's] recovery rights are a first priority claim and are paid to the [MAO Plan] before any other claims for your damages . . . . Your MAO plan is not required to participate in or pay court costs or attorney fees to any attorney hired by you to pursue your damage claims." *Id.*

20.     Further, the MAO Plan requires Guerrera and all of her representatives, including Defendants Carter Mario, Hammil, and Wisniowski, to "fully cooperate with the [MAO Plan's] efforts to recover its benefits paid" and "shall provide all information requested by the [MAO Plan] or its representatives." *Id.* at 108.

21.     The MAO Plan specifically identifies the penalties for non-compliance:

> "Failure to provide requested information or failure to assist your [MAO Plan] in pursuit of its subrogation or recovery rights may result in you being personally responsible for reimbursing the [MAO Plan] for benefits paid relating to the injury, illness or condition as well as for the [MAO Plan's] reasonable attorney fees and costs incurred in obtaining reimbursement from you."

*Id.* at 108.

22.     Upon information and belief, Guerrera retained Defendants Carter Mario, Hammil, and/or Wisniowski to represent her in her claim against Defendant Big Y for the injuries she sustained on February 20, 2015.

23.     Upon information and belief, Guerrera, with the assistance of Carter Mario, Hammil, and/or Wisniowski, submitted a claim to Big Y seeking recovery for the injuries she sustained on or about February 20, 2015 at the Big Y World Class Market located at 535 Monroe Turnpike, Monroe, CT 06468 (hereinafter referred to as "The Claim").

24.     Upon information and belief, Guerrera alleged in The Claim that the acts and/or omissions of Big Y caused the personal injuries she sustained on or about February 20, 2015, and were responsible for the injuries and damages sustained in the accident, including medical expenses.

25.     Guerrera settled The Claim on or about September 15, 2016 for $30,000 (hereinafter referred to as the "Settlement Proceeds"), which was paid by Big Y.

26.     Prior to settling The Claim, nearly a year prior on September 22, 2015, all Defendants were put on notice of Aetna's lien and right to reimbursement. Attached as **Exhibit C** is a true and correct copy of the September 22, 2015 letters sent to Defendants.

27.     Another letter was sent to Carter Mario, Hammil, and Wisniowski on December 4, 2015. Attached as **Exhibit D** is a true and correct copy of the December 4, 2015 letters sent to Carter Mario, Hammil, and Wisniowski.

28.     Further, additional letters were sent to Big Y on August 26, 2016 and September 15, 2016. Attached as **Exhibit E** are true and correct copies of the August 26, 2016 and September 15, 2016 letters sent to Big Y.

29. On multiple occasions, including November 18, 2015 and December 4, 2015, a representative for Aetna spoke with Carter Mario, specifically Hammil or Wisniowski, regarding Aetna's lien and right to reimbursement. Defendants Carter Mario, Hammil, and/or Wisniowski refused to provide any information regarding Guerrera's claim against Big Y, and refused to acknowledge Aetna's contractual and statutorily-granted lien.

30. Additionally, on multiple occasions, including September 17, 2015, September 22, 2015, December 4, 2015, March 10, 2016, September 15, 2016, and October 25, 2016, a representative for Aetna spoke with Big Y regarding Aetna's lien and right to reimbursement.

31. On March 10, 2016, Big Y agreed to protect Aetna's lien and would not send the full amount of any settlement to Guerrera, Carter Mario, Hammil, and/or Wisniowski without first dealing with Aetna's lien.

32. However, Big Y refused to abide by the terms of this agreement, and sent the full amount of the Settlement Proceeds to Guerrera, Carter Mario, Hammil, and/or Wisniowski.

33. On December 19, 2016, a letter was provided to Defendants requesting cooperation and reimbursement of Aetna's lien. Attached as **Exhibit F** is a true and correct copy of the December 19, 2016 letters sent to Defendants. This letter provides contractual, statutory, and case law support for Aetna's right to reimbursement.

34. On December 28, 2016, Carter Mario and Wisniowski responded by refusing to acknowledge Aetna's lien. Attached as **Exhibit G** is a true and correct copy of the December 28, 2016 letter from Carter Mario and Wisniowski.

35. On February 24, 2017, Aetna again requested cooperation from Carter Mario and Wisniowski, but Defendants refused to cooperate or provide any information regarding

Guerrera's claim against Big Y. Attached as **Exhibit H** is a true and correct copy of the February 24, 2017 email chain.

36. Aetna paid significant medical expenses on behalf of Guerrera pursuant to the terms of the MAO Plan. Defendants were notified that Aetna had a claim for medical benefits paid pursuant to the MAO Plan, including that Defendants are required to satisfy Aetna's lien with any monetary settlement made as a result of The Claim.

37. Defendants have refused, and continue to refuse, to acknowledge the existence of Aetna's lien and rights pursuant to the MAO Plan.

38. Aetna paid these medical expenses to, or on behalf of, Guerrera pursuant to the provisions of the MAO Plan, and Aetna seeks a declaration as to its rights to reimbursement and recovery under the MAO Plan and relevant statutory provisions.

39. Defendants have made a recovery as a result of the settlement of The Claim. A portion of that settlement rightfully belongs to Aetna under the terms of the MAO Plan. The portion of that settlement that rightfully belongs to Aetna is in the possession and/or control of Defendants.

## FIRST CAUSE OF ACTION

### DECLARATORY RELIEF

40. Plaintiff repeats and re-alleges paragraphs 1 through 39, as though set forth in full herein.

41. An actual controversy currently exists between Plaintiff and Defendants relative to their legal rights and duties under the MAO Plan and the Specifically Identified Funds expended by Plaintiff pursuant to the MAO Plan, and recovered by Defendants in The Claim from Big Y.

42. Plaintiff requests a judicial determination of rights and duties pursuant to the MAO Plan, and a declaration as to whether Plaintiff is entitled to subrogation, reimbursement, and/or recovery rights pursuant to the MAO Plan.

43. Under the MSP Act, Medicare has no obligation to pay for medical treatment when such payment has been made or can reasonably be expected to be made through payment under a liability insurance policy. In such circumstances, Medicare pays conditionally pursuant to 42 U.S.C. § 1395y(b)(20(A)(ii).

44. Pursuant to 42 C.F.R. § 422.108(f), Plaintiff, as an MAO, has the same rights to recover as provided under 42 C.F.R. Part 411, subparts B through D to recover from a primary plan, entity or individual.

45. As a Medicare secondary payer, Plaintiff was not obligated to make payments on behalf of Guerrera, but did so conditionally pursuant to 42 U.S.C. § 1395(b)(2)(B)(i).

46. Pursuant to 42 U.S.C. § 1395y(b)(2)(A)(ii), Defendants each constitute an "entity" or "individual" under the MSP Act from whom Plaintiff may obtain reimbursement.

47. Regulatory framework confers Aetna's right to recovery. *See* 42 C.F.R § 422.108 (providing that MAOs can "exercise the same rights to recover from a primary plan, entity, or individual that the Secretary exercises under the MSP regulations in subparts B through D of part 411 of this chapter.").

48. By acceptance of the Settlement Proceeds, Guerrera, Carter Mario, Hammil, and Wisniowski have an obligation to reimburse Plaintiff for the cost of the medical treatment that Plaintiff paid on behalf of Guerrera.

49.     An actual justiciable controversy exists between Plaintiff and Defendants as a result of their failure and refusal to reimburse Plaintiff for the conditional payments made for the benefit of Guerrera.

50.     Pursuant to 28 U.S.C. § 2201, this Court is empowered to declare rights, status, and other legal relations between the parties herein.  Plaintiff seeks a declaration as to its reimbursement and recovery rights under the MAO Plan in light of the Specifically Identified Funds expended by Plaintiff and recovered by Defendants in The Claim.  Plaintiff further seeks a declaration that Defendants act in a manner consistent with the declaration of Plaintiff's rights and Defendants' duties under the MAO Plan and relevant statutes.

51.     A judicial determination of Plaintiff's rights under the above-mentioned MAO Plan is necessary and appropriate at this time in order to avoid the conversion of Plaintiff's monies by Defendants.

52.     Pursuant to the allegations set forth herein, a valid, justiciable controversy exists concerning the rights and duties of the parties, and the issues is ripe for judicial declaration.

53.     As a result of Defendants' conduct, Plaintiff has been required to retain counsel to prosecute this action, and Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendants.

54.     The MSP Act has been recognized to afford an MAO, such as Aetna, with a private right of action to recover for conditional payments it made for health care expenses and, where reimbursement is refused, double damages.  *See, e.g., In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 685 F.3d 353, 359 (3d Cir. 2012) (determining that the MSP Act provides MAOs with "a private cause of action for damages . . . placing no limitations upon

which private (i.e., non-governmental) actors can bring suit for double damages when a primary plan fails to appropriately reimburse any secondary payer.").

55. Defendants' conduct has caused, and continues to cause, irreparable injury to Plaintiff, justifying declaratory relief.

## SECOND CAUSE OF ACTION

## INJUNCTIVE RELIEF

56. Plaintiff repeats and re-alleges paragraphs 1 through 55, as though set forth in full herein.

57. As a result of a settlement, judgment, or otherwise, Defendants have recovered payments from or on behalf of, the third-party tortfeasors whose negligent acts or omissions resulted in the injuries for which Plaintiff paid the Specifically Identified Funds. Pursuant to the MAO Plan, Plaintiff has subrogation and reimbursement rights to any such recoveries.

58. Defendants have failed to and refused to cooperate and perform any action necessary to secure Plaintiff's right to recovery and subrogation. Specifically, Defendants have refused to grant a lien on any monies recovered from Big Y from The Claim.

59. Without resolution of this controversy, Plaintiff's right to reimbursement and recovery under the MAO Plan will be jeopardized and/or eliminated through the non-traceable disbursement of the Settlement Proceeds Defendants received from The Claim. Legal damages are inadequate to protect Plaintiff from this harm.

60. Plaintiff requests that Defendants be enjoined from disbursing any monies recovered from Big Y from The Claim until Plaintiff's subrogation and reimbursement rights are resolved pursuant to the MAO Plan.

61. Plaintiff will suffer irreparable injury, loss, and/or damage if Defendants are not preliminarily enjoined from expending, disbursing, or disposing of the Settlement Proceeds, because once those funds are expended, disbursed, or disposed of, no reasonable means will exist for Plaintiff to be made whole.

## THIRD CAUSE OF ACTION

## EQUITABLE RESTITUTION –

## ESTABLISHMENT OF CONSTRUCTIVE TRUST OR EQUITABLE LIEN

62. Plaintiff repeats and re-alleges paragraphs 1 through 61, as though fully set forth in full herein.

63. Plaintiff brings this action to obtain appropriate equitable relief and to enforce the terms of the MAO Plan.

64. Under the terms of the MAO Plan, Defendants agreed to reimburse Plaintiff for medical benefits paid under the MAO Plan in the event of a recovery from any third party. *See* Ex. B at 107 ("[I]f you receive payment from any person, entity or insurer responsible for causing your injury, illness or condition or you receive payment from any person, entity or insurer listed as a primary payer above, your MA plan has the right to recover from, and be reimbursed by you for all conditional payments the plan has made or will make as a result of that injury, illness or condition.")

65. The Specifically Identified Funds are the funds constituting the Settlement Proceeds from Defendants' third-party tort recovery from The Claim.

66. The funds specifically identified by Plaintiff are within the possession and/or control of Defendants.

67. Plaintiff's reimbursement claim is considered equitable because it is an action to enforce an equitable lien established by agreement where the enforcement of the equitable lien is on particular property.

68. In spite of the fact that Plaintiff has an equitable lien by agreement, Defendants have refused to reimburse Plaintiff for the full amount of its lien.

69. As a result of Defendants' refusal to comply with the terms of the MAO Plan, Plaintiff has been unable to enforce its equitable lien by agreement in an amount not less than $9,854.16.

70. Equity demands that Plaintiff's equitable lien by agreement be enforced.

71. Further, Plaintiff is entitled to recover their reasonable attorney's fees and costs, and double damages for Defendants refusal to reimburse and cooperate with Plaintiff.

## FOURTH CAUSE OF ACTION

## BREACH OF WRITTEN CONTRACT

72. Plaintiff repeats and re-alleges paragraphs 1 through 71, as though fully set forth in full herein.

73. Guerrera and Plaintiff entered into a valid and enforceable contract as governed by the terms of the MAO Plan.

74. Plaintiff fully and completely performed its obligations to Guerrera under the MAO Plan.

75. Guerrera is in breach of the terms of the Plan through, but not limited to, the following actions:

  a. failing to reimburse Plaintiff for the medical benefits paid by Plaintiff on behalf of Guerrera (*see* Ex. B at 107 ("[I]f you receive

        payment from any person, entity or insurer responsible for causing your injury, illness or condition or you receive payment from any person, entity or insurer listed as a primary payer above, your MA plan has the right to recover from, and be reimbursed by you for all conditional payments the plan has made or will make as a result of that injury, illness or condition.");

    b.    failing to satisfy Plaintiff's lien on the Settlement Proceeds (*see id.* (granting Plaintiff a lien which "may be enforced against any party who possesses funds or proceeds representing the amount of benefits paid by the [MAO] Plan including, but not limited to, you, your representatives or agents, any person, entity or insurer responsible for causing your injury, illness or condition or any person, entity or insurer listed as a primary payer above.");

    c.    failing to cooperate and assist Plaintiff in enforcing its rights to reimbursement (*see id.* at 108 (requiring Guerrera and her representatives to "fully cooperate with the [MAO Plan's] efforts to recover its benefits paid" and "shall provide all information requested by the [MAO Plan] or its representatives."); and

    d.    failing to preserve Plaintiff's rights under the MAO Plan (*see generally* Ex. B at 106-108).

76.    All conditions precedent for Plaintiff to bring this legal action have occurred.

77.    As a result of the multiple breaches by Guerrera, Plaintiff has suffered damages in an amount not less than $9,854.16.

78. As a result of Guerrera's contractual breaches of the MAO Plan, Plaintiff has been damaged in the sum of $9,854.16, plus interest and attorney's fees and costs associated with the pursuit of recovery of this amount. Plaintiff will establish the precise amount of such damage according to the evidence at the time of trial.

## FIFTH CAUSE OF ACTION

## BREACH OF FIDUCIARY DUTY

79. Plaintiff repeats and re-alleges paragraphs 1 through 78, as though fully set forth in full herein.

80. By accepting benefits from Plaintiff under the Plan, a fiduciary relationship was created and Guerrera owed Plaintiff a fiduciary duty.

81. Further, Carter Mario, Hammil, and Wisniowski also owed Plaintiff a fiduciary duty as Guerrera's representatives negotiating a recovery of The Claim, on were aware of Plaintiff's lien at all relevant times.

82. Big Y also owed a fiduciary duty to Plaintiff to not impede Plaintiff's lien and right to reimbursement, as Big Y agreed to do and was on notice of Plaintiff's lien at all relevant times.

83. Defendants breached their fiduciary duties under the MAO Plan and the MSP Act by refusing to reimburse Plaintiff for medical expenses paid by Plaintiff on behalf of Guerrera.

84. Defendants further breached their fiduciary duties by withholding information related to The Claim that required disclosure under the MAO Plan.

85. As a result of Defendants' breach of their fiduciary duty, Plaintiff has been damaged in the sum of $9,854.16, plus interest and attorney's fees and costs associated with the

pursuit of recovery of this amount. Plaintiff will establish the precise amount of such damage according to the evidence at the time of trial.

## SIXTH CAUSE OF ACTION

### ATTORNEYS' FEES

86. Plaintiff repeats and re-alleges paragraphs 1 through 85, as though fully set forth in full herein.

87. Upon a finding that Defendants are culpable and liable to Plaintiff for the sum sought, an award of attorneys' fees will deter other persons from engaging in such conduct under similar circumstances.

88. Accordingly, Defendants are liable to Plaintiff for reasonable attorneys' fees and costs of this action in order to obtain the return of Plaintiff's assets.

89. Further, the MSP Act has been recognized to afford an MAO, such as Plaintiff, with a private right of action to recover for conditional payments it made for health care expenses and, where reimbursement is refused, double damages. *See, e.g., In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 685 F.3d 353, 359 (3d Cir. 2012) (determining that the MSP Act provides MAOs with "a private cause of action for damages . . . placing no limitations upon which private (i.e., non-governmental) actors can bring suit for double damages when a primary plan fails to appropriately reimburse any secondary payer.")

90. Plaintiff was forced to retain the services of Rawlings and Harris Beach PLLC in an effort to enforce its rights under the MAO Plan against Defendants, which amounted to additional attorneys' fees and costs expended prior to the filing of this lawsuit.

91. Plaintiff also incurred additional attorneys' fees and costs associated with the filing of this lawsuit, and will continue to incur attorneys' fees and costs for the duration of this lawsuit, and until Plaintiff is reimbursed the amounts it expended on behalf of Defendants.

**WHEREFORE,** Plaintiff Aetna Life Insurance Company prays for judgment against Defendants as follows:

a. For a judicial determination of Plaintiff's reimbursement and recovery rights under the provisions of the MAO Plan and the applicable MSP Act;

b. For injunctive relief enjoining Defendants from disbursing the Settlement Proceeds to Guerrera, or further impairing Plaintiff's lien;

c. For the establishment of a constructive trust and/or equitable lien in Plaintiff's favor over the recovery in The Claim in the amount of the Specifically Identified Funds under the MAO Plan;

d. For an Order directing Defendants to reimburse Plaintiff for the amounts expended on Guerrera's medical care, and to otherwise cooperate with Plaintiff in its efforts to protect its rights under the MAO Plan;

e. For an Order directing Defendants to specifically perform their obligations under the terms of the MAO Plan by reimbursing, or having their representatives, agents, and assigns reimburse, Plaintiff for the amounts expended on his medical care, and to otherwise cooperate with Plaintiff in its efforts to protect its reimbursement rights;

f. For an Order awarding Plaintiff reasonable attorney's fees and costs of this action;

  g.  For an Order awarding Plaintiff double damages for Defendants refusal to reimburse Plaintiff pursuant to the terms of the MAO Plan; and

  h.  For such other and further relief as this Court may deem just and proper under the circumstances.

Dated: New York, New York
   April 13, 2017

                Respectfully submitted,

                /s/ Brian A. Bender
                Brian A. Bender, Esq.
                **HARRIS BEACH PLLC**
                100 Wall Street, 23rd Floor
                New York, New York 10005
                212-687-0100
                *Counsel for Plaintiff*