# EXHIBIT D
# Part 2

MEMORANDUM

FROM:  The Rawlings Company, LLC

DATE:  November 2015

RE:  Recovery Rights of Medicare Advantage Organizations

The purpose of this document is to communicate the position of The Rawlings Company, LLC, after consultation with legal counsel, regarding the subrogation and reimbursement rights of Medicare Advantage organizations ("MAOs") under the Medicare Secondary Payer Act ("MSP Act"). As outlined in more detail below, the majority of courts that have reviewed this issue have held that (1) state laws limiting subrogation and reimbursement rights of MAOs are preempted under the Medicare Act, and (2) MAO's recovery rights under the MSP Act are identical to the recovery rights of traditional Medicare, including specifically the ability to pursue subrogation and reimbursement rights through a private cause of action.

1. **Preemption:**
42 U.S.C. § 1395w-26(b)(3)

Medicare Part C contains an express preemption provision: "[t]he standards established under [Part C] shall supersede any State law or regulation . . . with respect to MA plans which are offered by MA organizations under this part." See also 42 C.F.R. § 422.108(f).

*Meek-Horton v. Trover Solutions, Inc.*, 910 F. Supp. 2d 690 (S.D.N.Y. 2012)

This matter involved a class action lawsuit against 40 Medicare Advantage plans alleging various violations of New York law by seeking and obtaining reimbursement out of the proceeds of settlements. Following *Potts v. The Rawlings Co., LLC*, the U.S. District Court for the Southern District of New York granted the defendants' motion to dismiss after determining that the basis of plaintiffs' claims—New York's anti-subrogation statute—was "expressly preempted by the 'plain wording' of federal law [42 U.S.C. § 1395w-26(b)(3), and 42 C.F.R. § 422.108(f)]", and dismissed the case. *Id*. at 696.

*Potts v. Rawlings Co., LLC*, 897 F. Supp. 2d 185 (S.D.N.Y. 2012)

Three months prior to *Meek-Horton*, the U.S. District Court for the Southern District of New York held that New York's anti-subrogation statute (GOL § 5-335) was preempted by the Medicare Act: "to whatever extent the New York statute applies to Medicare or MA organizations, it is expressly preempted by the Medicare Act." *Id*. at 196. In reaching its conclusion, the court held that applicable statutory and regulatory preemption, exhaustion of remedies, and reimbursement provisions apply equally to traditional Medicare and MAOs. The court also distinguished the issue of whether a MAO has a private cause of action from the issue of preemption of state law: "given the broad express preemption clause in the Medicare Act, whether there is a private right of action for MA organizations is immaterial to the question whether GOL § 5-335 is preempted." *Id*.

*Trezza v. Trezza*, 104 A.D.3d 37 (N.Y. App. Div. 2d Dep't 2012)

The New York Supreme Court, Appellate Division, held that New York's anti-subrogation statute, as applied to MAOs, was preempted by federal law because it restricted reimbursement rights provided by the Medicare Act and applicable regulations. In reversing the trial court's order extinguishing a MAO's reimbursement claim, the appellate court held that the express preemption provisions in 42 USC 1395w-26(b)(3) and as explained in 42 CFR 422.108(f), prohibited a state from limiting MAOs' ability to obtain reimbursement under the MSP Act.

2. **Private Cause of Action:**
*In re Avandia Mktg.*, **685 F.3d 353 (3d Cir. 2012)**

In *Avandia*, the U.S. Court of Appeals for the Third Circuit held that 42 U.S.C. § 1395y(b)(3)(A) provides MAOs with "a private cause of action for damages . . . placing no limitations upon which private (i.e., non-governmental) actors can bring suit for double damages when a primary payer plan fails to appropriately reimburse" the MAO. *Id.* at 359. The Third Circuit further held that even if 42 U.S.C. § 1395y(b)(3)(A) were deemed ambiguous in this regard, courts must to defer to CMS regulations—specifically 42 C.F.R. § 108—which states: "The MA organization will exercise the same rights to recover from a primary plan, entity, or individual that the Secretary exercises under the MSP regulations in subparts B through D or part 411 of this chapter." *Id.* at 365-66.

In addition to relying on statutory analysis and the CMS-issued regulations, the Third Circuit also used a December 5, 2011 memorandum issued by CMS—the federal agency that administers Medicare—to support its holding. The CMS memorandum reiterated that MAOs exercise the same recovery rights as traditional Medicare under the MSP Act, including preemption of state law under 42 C.F.R. § 422.108, and the ability to file a private cause of action in federal court.

*Avandia* is the first court of appeals decision to specifically analyze a MAO's recovery rights under the Medicare Secondary Payer Act, 42 U.S.C. § 1395y(b)(2). The Third Circuit distinguished prior cases—including *Care Choices HMO v. Engstrom*, and *Nott v. Aetna*—as those cases did not address the issue of whether a MAO could bring suit under the MSP private cause of action provision. *Id.* at 362.

In sum, pursuant to the *Avandia* decision, MAOs' recovery rights under the MSP Act are identical to the recovery rights of Medicare. Practically speaking, that means MAOs can pursue a claim directly against any source of benefits defined as primary under the statutes and regulations, even if it has already reimbursed the beneficiary. *See* 42 U.S.C. § 1395w-22(a)(4); 42 C.F.R. § 422.108(f). Additionally, by virtue of exercising the same rights to recover from a primary plan, entity, or individual that Medicare exercises under the MSP regulations, MAOs have a direct cause of action against any entity who made payment and any beneficiary or attorney who received payment and failed to reimburse the plan. *See* 42 C.F.R. § 411.24(g).

***Mich. Spine & Brain Surgeons, PLLC v. State Farm Mut. Auto. Ins. Co.*, 758 F.3d 787 (6th Cir. 2014)**

The U.S. Court of Appeals for the Sixth Circuit held that a provider could pursue a private cause of action under the Medicare Secondary Payer Act against an automobile no-fault carrier. Although this case involved a provider, the

holding would justify a similar cause of action by a MAO, should a primary payer—whether it be a no-fault or liability carrier—refuse to reimburse the plan.

**Collins v. Wellcare Healthcare Plans, Inc., 2014 U.S. Dist. LEXIS 174420 (E.D. La. Dec. 16, 2014)**

In *Collins*, the plaintiff received medical benefits from a MAO after being involved in an automobile accident. She obtained a settlement from the tortfeasor, which she deposited into a trust account, and then filed a declaratory judgment action in state court against the MAO, arguing that the MAO was not entitled to subrogation or reimbursement. The MAO removed the case to the U.S. District Court for the Eastern District of Louisiana, and filed a counterclaim against the plaintiff seeking to recover the benefits it incurred out of the plaintiff's settlement with the tortfeasor.

The district court dismissed the plaintiff's declaratory judgment action for lack of subject matter jurisdiction, as it inherently demanded an interpretation of the Medicare Act, even though it was fashioned as a state law claim. Claims that arise under the Medicare Act must exhaust their administrative remedies prior to judicial review under 42 U.S.C. § 405(h). *Id.* at *17.

The district court then granted the MAO's counterclaim, in part. Citing to *Avandia* and the CMS regulations in support, it held that an MAO could pursue a private cause of action in federal court against the plaintiff to obtain reimbursement out of the proceeds of her settlement under 42 U.S.C. § 1395y(b)(3)(A) ("There is established a private cause of action for damages. . .in the case of a primary plan which fails to provide for primary payment. . . ."). *Id.* at *30. The court reasoned there was "no real distinction between a claim against a tortfeasor or his insurer to obtain reimbursement and a claim against a beneficiary to obtain reimbursement from a settlement funded by a tortfeasor or his insurer" for the purposes of a MAO's cause of action under 42 U.S.C. § 1395y(b)(3)(A). *Id.* at *31.

**Humana Ins. Co. v. Farmers Tex. County Mut. Ins. Co., 2014 U.S. Dist. LEXIS 166654 (W.D. Tex. Sept. 24, 2014)**

In this matter, Humana – the MAO – made conditional payments to several enrollees who were injured as a result of an automobile accident. Each individual also had an automobile insurance policy with Farmers, who the MAO argued was the primary payer. Farmers refused the MAO's request for reimbursement, and the MAO filed suit in the U.S. District Court for the Western District of Texas. In response, Farmers filed a motion to dismiss, arguing that a MAO did not have a private cause of action under the MSP Act. The district court agreed with the Third Circuit's analysis in *Avandia*, and denied Farmer's motion to dismiss, finding that "any private plaintiff with standing may bring an action [under 42 U.S.C. 1395(b)(3)(A)]." *Id.* at *4.

**Humana Med. Plan, Inc. v. W. Heritage Ins. Co., 2015 U.S. Dist. LEXIS 31875 (S.D. Fla. March 16, 2015).**

A federal court in the S.D. of Fla. holds that an MAO has a private right of action and is entitled to double damages. The Court relied on the reasoning of <u>Avandia</u> out of the 3rd Circuit and the <u>Chevron</u>

deference that the court granted CMS regulations that stated "MA[Os]… will exercise the same rights to recover from a primary plan, entity, or individual that the Secretary exercises under the MSP regulations in subparts B through D of part 411 of this Chapter." 42 C.F.R. § 422.108.  The federal district court held "[T]he statutory text of the MSP Act clearly indicates that MAOs are included within the purview of parities who may bring a private cause of action.  Additionally, even if the statutory text was not clear, [the court agrees] with the Third Circuit that such ambiguity would trigger Chevron deference and lead to the same result."

DEPARTMENT OF HEALTH & HUMAN SERVICES
Centers for Medicare & Medicaid Services
Center for Medicare
7500 Security Boulevard, Mail Stop C4-21-26
Baltimore, Maryland 21244-1850



CENTER FOR MEDICARE

DATE: December 5, 2011

TO: Medicare Advantage Organizations and Prescription Drug Plan Sponsors

FROM: Danielle R. Moon, J.D., M.P.A.
Director, Medicare Drug & Health Plan Contract Administration Group

Cynthia Tudor, Ph.D.
Director, Medicare Drug Benefit and C&D Data Group

SUBJECT: Medicare Secondary Payment Subrogation Rights

The purpose of this memorandum is to summarize and convey our support for our regulations giving Medicare Advantage organizations (MAOs) and Prescription Drug Plan (PDP) sponsors the right, under existing Federal law, to collect for services for which Medicare is not the primary payer. In recent decisions, several courts have challenged Federal regulations governing these collections. Specifically, several MAOs have not been able to take private action to collect for Medicare Secondary Payer (MSP) services under Federal law because they have been limited to seeking remedy in State court.

CMS regulations at 42 CFR § 422.108 describes MSP procedures for MAOs to follow when billing for covered Medicare services for which Medicare is not the primary payer. These regulations also assign the right (and responsibility) to collect for these services to MAOs. Specifically, §422.108(f) stipulates that MAOs will exercise the same rights of recovery that the Secretary exercises under the Original Medicare MSP regulations in subparts B through D of part 411 of 42 CFR and that the rules established in this section supersede any State laws. Additionally, the MSP regulations at 42 CFR §422.108 are extended to Prescription Drug Plan (PDP) sponsors at 42 CFR §423.462. Accordingly, PDP sponsors have the same MSP rights and responsibilities as MAOs.

Notwithstanding these recent court decisions, CMS maintains that the existing MSP regulations are legally valid and an integral part of the Medicare Part C and D programs.