# EXHIBIT E
# Part 2

DEPARTMENT OF HEALTH & HUMAN SERVICES
Centers for Medicare & Medicaid Services
Center for Medicare
7500 Security Boulevard, Mail Stop C4-21-26
Baltimore, Maryland 21244-1850



CENTER FOR MEDICARE

DATE:       December 5, 2011

TO:         Medicare Advantage Organizations and Prescription Drug Plan Sponsors

FROM:       Danielle R. Moon, J.D., M.P.A.
            Director, Medicare Drug & Health Plan Contract Administration Group

            Cynthia Tudor, Ph.D.
            Director, Medicare Drug Benefit and C&D Data Group

SUBJECT:    Medicare Secondary Payment Subrogation Rights

The purpose of this memorandum is to summarize and convey our support for our regulations giving Medicare Advantage organizations (MAOs) and Prescription Drug Plan (PDP) sponsors the right, under existing Federal law, to collect for services for which Medicare is not the primary payer. In recent decisions, several courts have challenged Federal regulations governing these collections. Specifically, several MAOs have not been able to take private action to collect for Medicare Secondary Payer (MSP) services under Federal law because they have been limited to seeking remedy in State court.

CMS regulations at 42 CFR § 422.108 describes MSP procedures for MAOs to follow when billing for covered Medicare services for which Medicare is not the primary payer. These regulations also assign the right (and responsibility) to collect for these services to MAOs. Specifically, §422.108(f) stipulates that MAOs will exercise the same rights of recovery that the Secretary exercises under the Original Medicare MSP regulations in subparts B through D of part 411 of 42 CFR and that the rules established in this section supersede any State laws. Additionally, the MSP regulations at 42 CFR §422.108 are extended to Prescription Drug Plan (PDP) sponsors at 42 CFR §423.462. Accordingly, PDP sponsors have the same MSP rights and responsibilities as MAOs.

Notwithstanding these recent court decisions, CMS maintains that the existing MSP regulations are legally valid and an integral part of the Medicare Part C and D programs.



**The Rawlings Company** LLC
Subrogation Division

Post Office Box 2000
LaGrange, Kentucky 40031-2000

One Eden Parkway
LaGrange, Kentucky 40031-8100

September 15, 2016

Ms. Leslie Spagnoli
BIG Y FOODS INC
PO BOX 7840
SPRINGFIELD, MA  01102

Re:  Our Client:           Aetna
     Member/Patient:       NELLINA GUERRERA/NELLINA GUERRERA
     Date of Loss:         02/20/2015
     Our Reference No.:    68528002
     Your Number:          GC0352015046048

Dear Ms. Spagnoli:

You previously were provided notice of the health plan's subrogation claim in relation to the above accident. Our investigation indicates that your insured was at fault for the accident. Therefore, we request payment in the amount of **$9,796.15** to resolve the health plan's subrogation claim against your insured. As you are aware, the health plan's subrogation claim against your insured is separate and independent of the patient's personal injury claim. Consequently, it is in your insured's interest to resolve the subrogation claim at this time.

For your reference, I enclose the relevant language from the policy providing health benefits to the patient, as well as our claims summary. The plan provides that it shall be subrogated to the full benefits provided on behalf of the patient.

Because the plan is subrogated to the patient's rights, we have a valid claim against your insured. Please forward a check in the amount of **$9,796.15** made payable to The Rawlings Company to my attention, P.O. Box 2000, LaGrange, KY 40031-2000 to resolve the health plan's subrogation claim. Please include 68528002 on your check for reference.

I look forward to hearing from you with regard to any questions you may have regarding the health plan's subrogation claim.

Sincerely,

Kevin E. James J.D.
Subrogation Analyst
(502) 716-6980
FAX:  (502) 565-1586
kej1@rawlingscompany.com

**Healthcare information is personal and sensitive information, and you, the recipient, are obligated to maintain it in a safe,**

secure and confidential manner. Disclosure of this information without additional patient consent or as permitted by law is prohibited.